UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PAUL WESLEY JOHNSON,

    Plaintiff,

v.                                            3:04-cv-459

HOWARD GREENLEE,

    Defendant.

## MEMORANDUM AND ORDER

This *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 is scheduled for a jury trial on May 4, 2006. The matter is before the court on various motions filed by the parties.

Plaintiff moves the court for copies of all "documentation" that has been filed in this case. Presumably, plaintiff is aware of the documents he has filed and he would have received copies of documents filed by the defendant. Plaintiff gives no reason why he should receive additional copies of the documents filed in this case, and his motion [Court File No. 29] is **DENIED**. The Clerk is **DIRECTED**, however, to send plaintiff a copy of the docket sheet.

Plaintiff has filed a motion in limine to exclude all portions of his statement that are not related to this case and that the court rule upon the voluntariness of his statement before allowing the defendant to impeach plaintiff with his statement. Apparently, plaintiff is referring to his deposition when he talks about his statement. In response to the motion in limine, the defendant states that he will not know, until plaintiff has testified at trial, what portions of plaintiff's deposition will be used for impeachment and thus a motion in limine is not appropriate at this time. The court agrees. In addition, plaintiff did not object to the taking of his deposition and there is nothing in the record to suggest it was not voluntary.

Plaintiff also seeks, in his motion in limine, to exclude evidence of his criminal history. Evidence of plaintiff's prior convictions may be admitted at trial to the extent permitted for impeachment purposes pursuant to Rule 609 of the Federal Rules of Evidence. Accordingly, the plaintiff's motion in limine [Court File No. 30] is **DENIED** in its totality.

The defendant has filed a motion in limine to bar plaintiff from testifying to matters requiring expert medical proof. In particular, the defendant refers to plaintiff's claim that he suffers from short-term memory loss as a result of being struck in the nose by the defendant. Plaintiff may testify to having short-term memory loss, but he may not testify as to the medical cause for such loss. Accordingly, the defendant's motion in limine [Court File No. 34] is **GRANTED** to the extent plaintiff may not testify that his short-term memory loss was caused by the defendant. Plaintiff's motion to strike the defendant's motion in limine [Court File No. 37] is **DENIED**.

Plaintiff moves the court to direct the U.S. Marshals Service to serve the subpoenas for his witnesses and to advance the witness fees and mileage required for service of subpoenas. The per day attendance fee for witnesses is $40.00 per person, and mileage is $0.445 per mile. The plaintiff is responsible for payment of the witness fees. *See Johnson v. Hubbard*, 698 F.2d 286, 289-90 (6th Cir. 1983). Plaintiff has not tendered the witness fees and mileage. Accordingly, his motion [Court File No. 35] is **DENIED**.

Plaintiff has filed a motion for appointment of elbow counsel to assist him in understanding the civil rules and court procedures. The court previously denied plaintiff's motion for appointment of counsel and finds no reason to alter that ruling. The motion for appointment of elbow counsel [Court File No. 38] is **DENIED**.

**E N T E R:**

                                                      s/ Leon Jordan
                                          United States District Judge